# 95 DTA 58

## EN EL TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL DE ARECIBO Y UTUADO

EL PUEBLO DE PUERTO RICO
Apelado

v.

JOSE LAJARA SANABRIA
Apelante

Núm. KLAN-95-00064

San Juan, Puerto Rico, a 20 de abril de 1995

Panel integrado por su presidente, Juez Arbona Lago
y los Jueces Giménez Muñoz y Salas Soler

Arbona Lago, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

El 8 de noviembre de 1994 se radicó denuncia contra José Lajara Sanabria en la que se le imputó la comisión del delito de alteración a la paz en la persona de Ramón Vera, en hechos ocurridos el 25 de septiembre de 1994 en el pueblo de Utuado. El 27 de diciembre de 1994 se ventiló ante el Tribunal de Distrito, Sala de Utuado (Hon. Angel J. Nuñez Vélez, Juez) el caso criminal 94-245, hallándose al acusado culpable del delito imputado e imponiéndosele una multa de cincuenta (50) dólares a ser pagada en el término de quince (15) días.

El 10 de enero de 1995 el acusado presentó escrito de Apelación en el que hizo tres señalamientos de error, a saber:

"*1. ERRO EL HONORABLE JUZGADOR DE LOS HECHOS EN SU APRECIACION DE LA PRUEBA, TODA VEZ QUE EN UN BALANCE JUSTO Y RAZONABLE DE ESTA NO SE ESTABLECE LA CULPABILIDAD DEL ACUSADO MAS ALLA DE DUDA RAZONABLE Y FUNDADA.*

*2. EL ESTADO NO REBATIO LA PRESUNCION DE INOCENCIA DEL ACUSADO DE FORMA TAL QUE SE ESTABLECIERA SU CULPABILIDAD MAS ALLA DE DUDA RAZONABLE.*

*3. ERRO EL HONORABLE TRIBUNAL DE INSTANCIA EN LA APRECIACION EFECTUADA DE LA PRUEBA TESTIFICAL PRESENTADA POR AMBAS PARTES, AL CONCEDER CREDIBILIDAD A LA VERSION DEL MINISTERIO PUBLICO Y DETERMINAR QUE EL ACUSADO ERA CULPABLE DEL DELITO QUE SE LE IMPUTABA*".

El recurso de apelación no ha sido debidamente perfeccionado. Nunca se presentó la exposición narrativa de la prueba, según provee la Regla 6 de Apelación del Tribunal de Distrito al Superior, 4 L.P.R.A. Ap. III-A, no obstante haber ya transcurrido más de 3 meses. Procede, por lo tanto, que desestimemos dicho recurso.

No empero, del conjunto del expediente surge que lo que en esencia impugnó el apelante concierne la apreciación de la prueba que realizó el Honorable Tribunal de Primera Instancia para entender probada la culpabilidad del acusado, más allá de toda duda razonable. En este aspecto el principio rector que guía nuestra función apelativa dispone que no se intervendrá con las determinaciones que haga un Tribunal de Instancia en ausencia de error manifiesto, prejuicio, parcialidad o pasión. *Pueblo v. Pellot Pérez,* 121 D.P,R. 791 (1988).

En el caso que nos ocupa el Tribunal de Instancia aquilató la prueba testifical ofrecida, tanto por el Ministerio Fiscal como por la defensa, y entendió que quedaron configurados los elementos constitutivos del delito de alteración a la paz. El apelante no niega que profirió palabras obscenas contra el Sr. Vera; sino más bien argumenta que lo hizo en legítima defensa. No obstante, de ordinario la utilización de lenguaje soez no constituye instrumento de legítima defensa. No existe pues, fundamento alguno que pudiera justificar nuestra intervención con las determinaciones que realizó el Tribunal Sentenciador luego de aquilatar la prueba ante él desfilada.

En consideración de lo anterior se desestima el recurso de apelación instado y se confirma la sentencia que declaró culpable al acusado en el presente caso.

Lo acordó y manda el Tribunal y lo certifica la Secretaria General.

<div align="right">

María de la C. González Cruz
Secretaria General